IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SIPCO, LLC, and IP CO, LLC (d/b/a INTUS IQ), § § § Plaintiffs, § § v. § § EMERSON ELECTRIC CO., § EMERSON PROCESS MANAGEMENT § LLLP, FISHER-ROSEMOUNT § SYSTEMS, INC., ROSEMOUNT INC., § BP p.l.c., BP AMERICA, INC., and BP § AMERICA PRODUCTION COMPANY, § § Defendants. § | CIVIL ACTION NO. 6:15-cv-907 JURY TRIAL DEMANDED |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Emerson Electric Co., Fisher-Rosemount Systems, Inc. and Rosemount Inc.'s Motion to Dismiss or Transfer This Action ("the Motion"). Doc. No. 10. For the reasons set forth below, the Motion is **GRANTED-IN-PART**.

**BACKGROUND**

*The Texas Action*

Plaintiffs SIPCO, LLC and IP CO, LLC (collectively, "SIPCO") filed this infringement action against Emerson Electric Co., Fisher-Rosemount Systems, Inc., and Rosemount Inc. ("Emerson") on October 16, 2015 ("the Texas action"). The Original Complaint alleged infringement of ten patents: U.S. Patent Nos. 7,697,492 ("the '492 patent"), 6,437,692 ("the '692 patent"), 6,914,893 ("the '893 patent"), 7,468,661 ("the '661 patent"), 8,754,780 ("the '780 patent"), 8,908,842 ("the '842 patent"), 6,249,516 ("the '516 patent"), 8,000,314 ("the '314 patent"), 8,233,471 ("the '471 patent"), and 8,625,496 ("the '496 patent"). *See* Doc. No. 1. On

1

December 30, 2015, SIPCO amended its complaint to include defendants BP America, Inc., BP America Production Company, and BP p.l.c. (collectively, "BP defendants"). Doc. No. 19 at 1-2. The Amended Complaint also alleged infringement of one additional patent: U.S. Patent No. 8,013,732 ("the '732 patent"). *Id.* at 8.

*History*

On January 31, 2007, SIPCO wrote to Emerson asking Emerson to review its products in light of the '062 and '511 patents, as well as two other patents in the same family. Doc. No. 10 at 3. Emerson responded on February 16, 2007, and asked SIPCO to identify the products and claims of the patents at issue. SIPCO did not respond until February 27, 2013, when it wrote Emerson again about the same two patent families. *Id.* SIPCO identified one claim from eight patents as being relevant to Emerson's Smart Wireless products. *Id.*

*The Georgia Action*

On July 31, 2013, Emerson filed a declaratory judgment action against SIPCO asserting invalidity and non-infringement of each of the eight patent claims. *Id.* Emerson ultimately dismissed that action without prejudice and filed another declaratory judgment action on January 30, 2015 ("the Georgia action"). *Id.*; *Emerson Electric Co., et al. v. SIPCO LLC, et al.*, Case No. 1:15-cv-319-AT. The Georgia action only asserts one patent from each of the two patent families: U.S. Patent No. 6,044,062 ("the '062 patent ")from the IP CO LLC patent family, and U.S. Patent No. 7,103,511 ("the '511 patent") from the SIPCO LLC patent family. Doc. No. 10 at 3.

## APPLICABLE LAW

The Supreme Court has repeatedly observed that under the doctrine of comity, when cases involving substantially overlapping issues are pending before two federal district courts,

there is a strong preference to avoid duplicative litigation. *In re Google Inc.*, 588 Fed. Appx. 988, 990 (Fed. Cir. 2014); *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976); *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952). "The 'first-to-file' rule is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). As a general rule, a first-filed declaratory judgment suit will be entitled to precedence over a later-filed patent infringement action. *Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 937 (Fed.Cir.1993), *abrogated on other grounds by Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S. Ct. 2137, 132 L.Ed.2d 214 (1995) (the "first to file" rule "favors the forum of the first-filed action, whether or not it is a declaratory judgment action.")

In determining whether to apply the first-to-file rule, a court must resolve two questions: 1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and 2) which of the two courts should take the case? *Third Dimension Semiconductor, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 2008 WL 4179234 at *1 (E.D. Tex. Sept. 4, 2008). Under the first to file rule, when two related cases are pending in two district courts, the court in the later-filed action may refuse to hear the action before it if the issues raised in the two cases "substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 603 (5th Cir. 1999).

To find substantial overlap, "all that need be present is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap. The cases need not be identical to be duplicative." *Id.* The Court considers factors such as whether the core issues are the same and whether the proof in both cases would be identical.

3

*Jumpsport, Inc. v. Springfree L.P., et al.*, Case No. 6:13-cv-929, Doc. No. 84 at 4 (E.D. Tex. Nov. 17, 2014); *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). "In patent cases, courts determining whether cases were substantially similar have examined whether they involved the same parties, the same technology, the same inventors, overlapping remedies, the same witnesses, or overlapping issues in claim construction." *Hydro-Quebec v. A 123 Systems, Inc., et al.*, No. 3:11-cv-1217-B, Doc. No. 59 at 7 (N.D. Tex. March, 16, 2012); *See*, *e.g.*, *E-Z-EM, Inc. v. Mallinckrodt, Inc.*, 2010 WL 1378820, at *2 (E.D. Tex. Feb. 26, 2010). Once the likelihood of substantial overlap is determined, the second-filed court must transfer the action to the first-filed court who determines the ultimate disposition. *Cadle*, 174 F.3d at 603; *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971).

## **ANALYSIS**

There is some dispute as to whether Fifth Circuit or Federal Circuit law applies when deciding whether a case should be dismissed or transferred under the first-to-file rule. *Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC and Abbott Diabetes Care, Inc., et al*., Case No. 2:13-cv-349, Doc. No. 51 at 1 (E.D. Tex. March 10, 2014); *Hydro-Quebec*, Case No. 3:11-cv-1217-B, Doc. No. 59 at 5 n. 5; *E-Z-EM*, 2010 WL 1378820, at *2. In *Micron*, the Federal Circuit noted that when a declaratory judgment action and an infringement action are filed "almost simultaneously" the considerations that the first-filed court may rely upon in declining to hear the case under the first-to-file rule essentially mirror the § 1404(a) convenience transfer factors. *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). Thus, the Federal Circuit held that, on the specific facts of the *Micron* case, the trial court should use the § 1404(a) transfer analysis to determine whether to transfer the case. *Id.* at 904. The *Micron* Court specifically noted that the convenience transfer factors are applicable when

the *first-filed court* is deciding whether to keep the case or decline to hear it in favor of a later-filed case in another forum. *Id.* The Court also noted that the convenience factors are applicable "on the facts of this case, where the two actions [are] filed almost simultaneously." *Id.* Thus, the *Micron* Court created a guideline for a first-filed court to follow when the two actions were filed almost simultaneously. *Id.* The *Micron* decision does not change the initial inquiry of the *second-filed court*, when the motion to transfer or dismiss is filed in that forum.

The Federal Circuit has not stated that Federal Circuit law applies to the analysis of the first-to-file rule when the question to transfer or dismiss is presented to the second-filed court. The Federal Circuit has stated that the ultimate resolution of the second-filed case is governed by Federal Circuit law[1]. However, this ultimate resolution of whether the second-filed action should proceed is a question that is not posed to the second-filed court, but rather will be posed to the first-filed court if substantial overlap is found and the case transferred to the first-filed court. Thus, the Federal Circuit has made clear that once the decision is in the hands of the first-filed court, Federal Circuit law will apply. But that decision is not before this court today. Where, as here, the question is whether the second-filed court should transfer to case to the first-filed court under the first-to-file rule, virtually every court in this circuit has applied Fifth Circuit law[2].

---

[1] *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)("question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement raises the issue of national uniformity in patent cases, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits."); *Futurewei Technologies, Inc. v. Acacia Research Corporation*, 737 F.3d 704, 708 (Fed. Cir. 2013)("[r]esolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by this circuit's law"); *Elecs. for Imaging, Inc. v. Coyle,* 394 F.3d 1341, 1345–46 (Fed. Cir. 2005)(same).

[2] *See Datamize, Inc. v. Fidelity Brokerage Servs. LLC*, 2004 WL 1683171 (E.D. Tex. Sept. 5, 2003)(applying Fifth Circuit law); *Jumpsport, Inc. v. Springfree L.P., et al.*, Case No. 6:13-cv-929, Doc. No. 84 (E.D. Tex. Nov. 17, 2014)(post-*Micron* case applying Fifth Circuit law); *Monster Moto, LLC v. APT Group, Inc., et al.*, Case No. 3:14-cv-2625-N, Doc. No. 17 (N.D. Tex. Oct. 21, 2014)(same); *Victaulic Company v. Romar Supply, Inc.*, Case. No. 3:13-cv-2760-K, Doc. No. 36 (N.D. Tex. Nov. 14, 2013)(same); *Hydro-Quebec v, A 123 Systems, Inc., et al.*, Case No. 3:11-cv-1217-B, Doc. No. 59 (N.D. Tex. March, 16, 2012)(same); *Vertical Computer Systems*, Case No. 2:10-cv-490, Doc. No. 41 (E.D. Tex. May 20, 2011)(same); *E-Z-EM*, Case. No. 2:09-cv-127, Doc. No. 33 (E.D. Tex. Feb. 26, 2010)(same); *Yeti Coolers, LLC v. Beavertail Products, LLC*, 2015 WL 4759297 (W.D. Tex. Aug. 12, 2015) (same); *But see Sanofi*, 614 F. Supp. 2d 772.

When a motion to dismiss or transfer is filed with the second-filed court, the Fifth Circuit has held that the second-filed court must make a determination as to likelihood of substantial overlap and, if this threshold is met, the second-filed court must then transfer the action to the first-filed court to determine the ultimate disposition of the case. *Cadle*, 174 F.3d at 603. Because the Georgia action was filed over eight and a half months before the Texas action, the Texas action is the second-filed action. Thus, this Court must determine if there is a likelihood of substantial overlap between the two actions. *Id.*

*Substantial Similarity*

The threshold issue is whether there is a likelihood of substantial overlap between the two suits. The Georgia action involves two patents: the '511 Patent, part of the SIPCO LLC patent family, and the '062 Patent, part of the IP CO LLC patent family. Doc. No. 10 at 2-3. The patents-in-suit in the Texas action can all be traced to one of the two patent families at issue in the Georgia action[3]. Doc. No. 10 at 2. Merely stating that the patents in the second-filed case are in the same patent family as the patents in the first-filed case is not sufficient to demonstrate substantial similarity under the first-to-file rule. *See Document Generation Corp. v. Allscripts, LLC*, 2009 WL 2824741, at *2 (E.D. Tex. Aug, 27, 2009). However, the similarities between these two actions go beyond the patents' familial relationships. The same parties are involved in both actions[4]. The accused products are the same as well. Doc. No. 10 at 6; Doc. No. 36 at 6.

---

[3] The patents in the Texas action that belong to the SIPCO LLC patent family are: the '492 patent, the '692 patent, the '893 patent, the '661 patent, the '780 patent, the '842 patent, and the '732 patent. The patents in the Texas action that belong to the IP CO LLC patent family are: the '516 patent, the '314 patent, the '471 patent, and the '496 patent.

[4] SIPCO's Sur-Reply in opposition to the Motion devotes one paragraph to the argument that the addition of the BP defendants to the Texas action provides support for its position that the two cases are not substantially similar. Doc. No. 42 at 6. SIPCO added the BP defendants to the Texas action after this Motion was filed and before filing its Response in opposition. However, SIPCO did not argue that the addition of the BP defendants had any significance on the substantial similarity argument until its Sur-Reply. SIPCO has limited its infringement allegations against BP to the purchase and use of Emerson Smart Wireless products, which are already accused of infringement in the

SIPCO argues that the features of the accused products differ between the Texas action and the Georgia action. Doc. No. 42 at 5. Specifically, SIPCO argues that in the Georgia action, a "network of the accused wireless devices can either be standalone or connected externally to a wide area network ('WAN[']')" whereas, in the Texas action, "a network of the accused wireless devices has features that go beyond that and can be connected to any type of network." *Id.* There may be additional features present in the accused products in one action that are not present in the other action, but that does not preclude a finding of substantial overlap when the general technology is the same. *Amberwave Systems Corp. v. Intel Corp.*, 2005 WL 2861476, at *2 (E.D. Tex. Nov. 1, 2005) (finding substantial overlap even when the "patents address different scientific aspects" of the same technology). The patents in both actions are directed to the same technology, routing of data within a wireless network. Doc. No. 10 at 7. All four asserted patents in the IP CO LLC family share the same title with the '062 patent: "Wireless Network System and Method for Providing the Same." *Id.* at 2; *See* '062 Patent. The asserted patents in the Texas action that are part of the SIPCO LLC family share a common inventor with the '511 patent. *See E-Z-EM*, Case. No, 2:09-cv-127, Doc. No. 33 at 3 (finding common inventorship as a factor in determining substantial overlap). The asserted patents in the IP CO family share a common inventor with the '062 patent. Many of the same claim elements are present in the patents-in-suit in both the Texas and Georgia actions.

The Texas action and the Georgia action substantially overlap. Both actions involve the same parties, patents from the same patent families with similar claim elements and drawings, the same type of technology, and the same accused products. Although there are differences, there is a likelihood of substantial similarity. Once it has been determined that the two actions

---

Texas and Georgia action. Doc. No. 71 at 2. Thus, the late addition of additional defendants, while maintaining the same infringement theories against the same products, is not enough to preclude a finding of substantial similarity.

might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is pending. *Jumpsport*, Case No. 6:13-cv-929, Doc. No. 84 at 4 (citing *Cadle,* 174 F.3d at 605-06 ("Once the likelihood of substantial overlap between the two suits has been demonstrated, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed")). Accordingly, the Texas action should be transferred to the first-filed court, the Northern District of Georgia, to determine the resolution of the second-filed case.

### *Exceptions to the First-to-File Rule*

SIPCO argues that Emerson is not entitled to invoke the first-to-file rule because Emerson withdrew its earlier-filed complaint in Georgia and re-filed only as to two patents. Doc. No. 24 at 2-3. SIPCO concludes that this was a "clear statement" by Emerson that it did not intend to litigate any other SIPCO patents in the Northern District of Georgia. *Id.* Emerson responds that just because it decided to "streamline" the process by narrowing its complaint from eight patents to two patents—one representative of each patent family—does not mean that it abandoned any claims as to all other SIPCO patents. Doc. No. 36 at 3.

The general rule favors the first-filed action, however exceptions "are not rare[] and are made when justice or expediency requires." *Genentech*, 998 F.2d at 937. In this case, SIPCO has not demonstrated that justice requires a departure from the first-to-file rule. Emerson dismissed the first Georgia case without prejudice. Doc. No. 10 at 3. Absent another prohibition, Emerson would have been free to re-file as to any of the dismissed patents since the dismissal was without prejudice. SIPCO has not brought forth any evidence that this dismissal was Emerson's declaration that it never intended to litigate those patents, or any other SIPCO patent, in Georgia. SIPCO argues that a finding for Emerson effectively allows "Emerson to chain SIPCO to the

NDGA for every patent in its portfolio—even those patents…that have different claimed subject matter and devices." Doc. No. 24 at 7. This is untrue. To invoke the first-to-file rule, there must be substantial similarity. SIPCO's claim that *every* patent in its portfolio must now be litigated in the Northern District of Georgia is only true if every patent in SIPCO's portfolio is substantially similar to the patents currently at issue in the Georgia court. If that is true, then the patents should properly be litigated in one forum. Patents regarding different subject matter and devices would likely not have a substantial overlap and thus the first-to-file rule would not apply. Thus, SIPCO has not articulated an equitable reason for departing from the first-to-file rule.

## CONCLUSION

For the above reasons, the Court **GRANTS-IN-PART** Emerson's Motion to Dismiss or Transfer This Action (Doc. No. 10). Emerson's Motion to Dismiss is **DENIED**. Emerson's Motion to Transfer is **GRANTED**. The Court **ORDERS** the case transferred to the United States District Court for the Northern District of Georgia.

Additionally, Emerson's Motion to Stay This Action Pending Dismissal or Transfer (Doc. No. 13) and Emerson's Unopposed Motion for Oral Hearing (Doc. No. 85) are both **DENIED AS MOOT**.

So ORDERED and SIGNED this 1st day of July, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE